## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Derrick Beverly, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 1:24-cv-843 |
| | ) | |
| v. | ) | COMPLAINT |
| The City of Chiago, Antonio Godinez Star | ) | FOR VIOLATION OF CIVIL RIGHTS |
| No. 19613, Frank Bogatitus Star No. | ) | |
| 17956; and Other Unknown and Unnamed | ) | <u>JURY DEMANDED</u> |
| Chicago Police Department Officers | ) | |
| | | |
| Defendant. | | |

## COMPLAINT

Plaintiff, by and through his attorneys of record, hereby files this Complaint.

## <u>JURISDICTION AND VENUE</u>

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and supplemental jurisdiction.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## <u>PARTIES</u>

3.      At all times herein mentioned, Plaintiff (hereinafter "Plaintiff") Derrick Beverly was and is a citizen of the United States and was within the jurisdiction of this court.

4.      At all times herein mentioned Defendants Antonio Godinez ("Defendant" or "Godinez"), star no. 19613, and Frank Bogatitus ("Defendant" or "Bogatitus"), star no. 17956; and other unknown and unnamed Chicago Police Department Officers were employed by the City of Chicago (collectively "police defendants" or "defendants") and were acting under color of state

1

law and as the employee, agent, or representative of the State of Illinois. These Defendants are being sued in their individual capacities.

5.     At all times here mentioned, the City of Chicago was a legal entity existing under the laws of the State of Illinois.

## **FACTUAL ALLEGATIONS**

6.     On October 1, 2022, at approximately 4:00 pm, Beverly was lawfully on foot in the vicinity of W 19th Street in the City of Chicago.

7.     At that place and time, there were other pedestrians in the same area, at least one of whom began running.

8.     Defendants Godinez and Bogatitus, who were in plain clothes then chased Plaintiff.

9.     Plaintiff tripped and fell.  The Defendants then detained and arrested Plaintiff.

10.     There was no legal reason to detain Plaintiff; he was not seen holding anything or doing anything illegal.

11.     Thereafter, Defendants located a satchel that did not belong to Plaintiff, nor was Plaintiff ever in possession of this satchel.

12.     The Defendants then located a gun, among other possessions, in the satchel.  Neither the gun or other possessions belonged to Plaintiff.

13.     The Defendants then falsely claimed that Plaintiff had been in possession of the satchel.  They proceeded to arrest Plaintiff for the gun that had been in the satchel.

14.     Thereafter, the Defendants proceeded to take Plaintiff into custody and place him under arrest for the gun charges, and related charges.

15.     There was no legal or probable or other cause to detain, search and/or arrest Plaintiff.

16.     The Defendants caused Plaintiff to be charged with various criminal offenses.

17.     There was also no legal cause to charge Plaintiff with any crimes.

18.     Plaintiff was then jailed until his criminal trial ended, which was on or about July 19, 2023.

19.     Plaintiff was found not guilty of all charges and the case terminated in Plaintiff's favor.

20.     By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

21.     The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

22.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1983, 42 U.S.C 1988, the Equal Access to Justice Act, or any other provision set by law.

### COUNT I

**PLAINTIFF BEVERLY AGAINST THE INDIVIDUAL DEFENDANTS AND EACH OF THEM, KNOWN AND UNKNOWN, FOR A WRONGFUL DETENTION**

23.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) as though fully set forth at this place.

24. The Defendants and each of them, known and unknown, individually, acted to deprive Plaintiff of his Fourth Amendment rights by detaining, arresting and causing the Plaintiff to be prosecuted without probable or legal cause.

25. By reason of the conduct of defendants and each of them, Plaintiff was deprived of his freedom and his rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

26. In arresting and causing the Plaintiff to be arrested and prosecuted, Defendants acted illegally to accomplish the illegal arrest and prosecution of Plaintiff.

27. Subsequent to his arrest, Plaintiff was detained and jailed and prosecuted without probable or legal cause in violation of his Fourth Amendment rights.

28. The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendments rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## <u>COUNT II</u>

**PLAINTIFF BEVERLY AGAINST THE INDIVIDUAL DEFENDANTS AND EACH OF THEM FOR A MALICIOUS PROSECUTION**

29. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) as though fully set forth at this place.

30. The Defendants caused Plaintiff to be prosecuted without legal cause.

31. The Defendants acted maliciously in causing Plaintiff to be prosecuted in that, among other things, they falsified their police reports and their testimony.

32. As a result of Defendants' actions, Plaintiff was deprived of his liberty.

33. The criminal charges terminated in Plaintiff's favor on or about July 19, 2023.

34.   The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendments rights.  Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT IV

**PLAINTIFF AGAINST ALL DEFENDANTS AND EACH OF THEM, INCLUDING THE CITY OF CHICAGO FOR THE STATE LAW CLAIM OF MALICIOUS PROSECUTION**

35.   Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) as though fully set forth at this place.

36.   As alleged above, Plaintiff was prosecuted for crimes without probable cause to believe he committed any crimes.

37.   The individual defendants commenced and caused there to be a criminal prosecution of the Plaintiff.

38.   The individual defendants falsified reports against the Plaintiff and concealed exculpatory evidence, among other things, in causing and prosecuting the criminal prosecution of Plaintiff.

39.   The underlying criminal charges terminated in Plaintiff's favor.

40.   The individual defendants acted with malice in doing the acts described above.

41.   Plaintiff was damaged as a result of being maliciously prosecuted as he suffered a loss of liberty, and suffered emotional distress in a sum to be ascertained.

42.   The City of Chicago is also liable pursuant to the doctrine of *respondeat superior.*

43.   The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's rights. Therefore, the Defendants and each of them are liable to Plaintiff.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1.  That the Defendants and each of them and other unnamed and unknown Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2.  That these same Defendants be required to pay Plaintiff's special damages;

3.  That these same Defendants required to pay Plaintiff's attorneys fees pursuant to 42 1983 of Title 42 of the United States Code, Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.  That the individual Defendants and each of them, except the City of Chicago, be required to pay punitive and exemplary damages in a sum to be ascertained;

5.  That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6.  That Plaintiff have such other and further relief as this Court may deem just and proper.


BY:     s/ Edward M. Fox
        ED FOX & ASSOCIATES
        Attorneys for Plaintiff
        118 N. Clinton St.
        Suite 425
        Chicago, Illinois 60661
        (312) 345-8877
        efox@efox-law.com


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:     s/Edward M. Fox

        ED FOX & ASSOCIATES
        Attorneys for Plaintiff
        118 N. Clinton St.
        Suite 425
        Chicago, Illinois 60661
        (312) 345-8877
        efox@efox-law.com